# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A07-00481-DMD<br><br>ULF M. PETERSEN,<br><br>Debtor. | Chapter 13<br><br>**Filed On 4/21/08** |
| ERICA RICHIE,<br><br>Plaintiff,<br><br>v.<br><br>ULF M. PETERSEN,<br><br>Defendant. | Adversary No. A07-90050-DMD |

### MEMORANDUM REGARDING SUMMARY JUDGMENT

The plaintiff filed a motion for summary judgment as to certain obligations arising out of a divorce decree. The motion was filed while Mr. Petersen was in a Chapter 7 proceeding. He is now in Chapter 13. Obligations arising out of a property settlement are non-dischargeable in a Chapter 7 proceeding.[1] They are dischargeable in a Chapter 13, however.[2] Claims for support are non-dischargeable in both Chapter 7 and 13.[3] The primary legal grounds for seeking summary judgment are moot at this stage of the proceedings. The plaintiff may wish to seek a judicial determination that the obligations labeled as property

---

[1] 11 U.S.C. § 523(a)(15).

[2] 11 U.S.C. § 1328(a)(2).

[3] 11 U.S.C. § 523(a)(5); 11 U.S.C. § 101(14)(A); 11 U.S.C. § 1328(a)(2).

settlement are in the nature of support. Such a determination will require additional pleadings and cannot be made on the existing record. Because Mr. Petersen is in Chapter 13, the plaintiff's motion for summary judgment will be denied.

DATED: April 21, 2008.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  G. Oczkus, Esq.
        H. Gazaway, Esq. (courtesy copy)
        Pro Se Defendant
        P. Gingras, Adv. Case Manager - served 4/21/08 - pg.
        U. S. Trustee
            4/21/08